UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

---

JAMES TIMOTHY TURNER, et al.,

    Plaintiff,

v.                                    Case No.:  11-CV-04315-JEO

PRESIDENT OF THE UNITED STATES,
SPEAKER OF THE HOUSE OF REPRESENTATIVES
    OF THE UNITED STATES,
PRESIDENT OF THE SENATE OF THE UNITED STATES,
ATTORNEY GENERAL OF THE UNITED STATES,
GOVERNORS OF THE FIFTY STATES OF THE
    UNITED STATES
COUNTY COMMISSIONERS AND SHERIFFS OF THE 3131
    COUNTIES OF THE UNITES STATES,
DOUG VALESKA DISTRICT ATTORNEY, HOUSTON
    COUNTY, et al,
BOB PAUDERT CHIEF OF POLICE WEST MEMPHIS,
    ARKANSAS, et al,
SHERIFF ANDY HUGHES, HOUSTON COUNTY, et al,
SHERIFF WALLY OLSON, DALE COUNTY, et al,
SHERIFF GREG WARD, GENEVA COUNTY, et al,
SHERIFF DAVE SUTTON COFFEE COUNTY, et al,
SHERIFF TOMMY THOMPSON, BARBER COUNTY, et al,
SHERIFF WILL MADDOX, HENRY COUNTY, et al,
SHERIFF HEATH TAYLOR, RUSSELL COUNTY et al, and
DOTHAN EAGLE NEWSPAPER,

    Defendants.

---

BRIEF IN SUPPORT OF MOTION TO DISMISS BY OUTAGAMIE
COUNTY, WISCONSIN AND ITS OFFICALS

---

Outagamie County, Wisconsin and its officials, by their attorneys, Crivello Carlson, S.C., respectfully submit this brief in support of their motion to dismiss.  Dismissal is appropriate based on the Plaintiffs' failure to

make proper service on these movants, the failure of the complaint to state a claim for which relief may be granted against these movants, and the lack of this Court's jurisdiction over these movants.  Accordingly, Outagamie County and its officials respectfully request an order dismissing the claims against them with prejudice and awarding the costs, fees and disbursements of this action, and other such relief the Court may deem just or equitable.

## FACTS

The Plaintiff filed the complaint in this matter on December 22, 2011. Docket No. 1.   Neither Outagamie County nor its officials were named specifically in the complaint; rather, the Plaintiffs named "County Commissioners and Sheriffs of the 3131 counties of the United States." Docket No. 1.

No summons was served on Outagamie County or any of its officials. *See* Affidavit of Lori J. O'Bright, ¶¶ 2, 3, and Affidavit of Lonnie Wolf, ¶¶ 2-4. Along with a document titled "Proof of Service of Process," the complaint was delivered to Outagamie County's Clerk of Circuit Court on December 29, 2011. Affidavit of Lonnie Wolf, ¶¶ 2, 3.  This "Proof of Service of Process "named as "Defendants":  "Corporation Counsel, Joseph P. Guidote, Jr.[;] Register of Deeds, Janice Flenz, Clerk; Natalie Strohmayer, Deputy Clerk; et al."

ARGUMENT

I.   The Complaint Should Be Dismissed for Insufficient Service of Process.

Federal Rule of Civil Procedure ("FRCP") 4(c)(10) requires that a summons be served with a copy of the complaint. A summons is required to be issued for each defendant in a lawsuit. FRCP 4(b).

A state governmental organization that is subject to suit is required to be served by either delivering a copy of the summons and complaint to the organization's chief executive officer or serving a copy of each document in the manner prescribed by that state's law. FRCP 4(j)(2). The law that controls service of process on a county in Wisconsin is Wis. Stat. § 801.11(4), which requires that service of process upon a county be made upon the chairperson of the county board or the county clerk. Failure to comply with these rules allows for dismissal of an action. FRCP 41(b). The plaintiffs cannot show they complied with FRCP 4 in attempting service of process in this matter.

Service of process is fundamental to any procedural imposition on a named defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. *See Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of

summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445 (1946) ("[S]ervice of summons is the procedure by which a court ... asserts jurisdiction over the person of the party served.").

Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. *Murphy Bros. Inc.*, 526 U.S. at 350; *see* FRCP 4(a) ("[The summons] shall ... state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant."); FRCP 12(a)(1)(A) (a defendant shall serve an answer within 20 days of being served with the summons and complaint). Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights. *Murphy Bros. Inc.*, 526 U.S. at 351.

Here, the Plaintiffs failed to serve a summons on Outagamie County or any of its officials, even though a complaint was delivered upon the County's Clerk of Circuit Court. In that context, the Eleventh Circuit has clarified that although "receipt of actual notice is an important factor in considering whether service of process is adequate," unless service of process is "in substantial compliance with the formal requirements of the Federal Rules [,] actual notice alone [is] not enough to allow the court personal jurisdiction

over the defendant." *See Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 925 (11th Cir. 2003). The Court in *Prewitt* further stated:

> Due process under the United States Constitution requires that "before a court may exercise personal jurisdiction over a defendant, there must be *more than* notice to the defendant . . . [t]here also must be a *basis* for the defendant's amenability to service of summons. Absent consent, this means there must be *authorization* for service of summons on the defendant."

*Id.* (internal citations omitted).

In other words, an individual or entity "is not obliged to engage in litigation unless [officially] notified of the action . . . under a court's authority, by formal process." *Id.* at 924-25, *quoting, Murphy Bros., Inc.*, 526 U.S. at 347. (emphasis in original). The Eleventh Circuit concluded in *Prewitt* that "even though OPEC had actual notice of the filing of the suit, service of process was ineffective because it was clearly not in substantial compliance with the requirements of Fed. R. Civ. P. 4(f)(2)(C)(ii)." *Prewitt Enters., Inc.*, 353 F.3d at 925.

In addition to not serving a summons on Outagamie County or its officials, the complaint was delivered to the Outagamie County Clerk of Circuit Court. This was in violation of Wis. Stat. § 801.11(4), which requires service of process on a county in Wisconsin to be made on the chairperson of the board or the county clerk. Service was thus deficient upon Outagamie County or its officials. Accordingly, this Court lacks personal jurisdiction

5

over Outagamie County and its officials, thereby warranting dismissal of all claims against Outagamie County and its officials.

## II. Dismissal Of The Complaint Is Warranted Because It Contains No Specific Allegations Against Outagamie County.

The complaint asserts no factual basis for liability against Outagamie County. Because no facts exist under which the Plaintiffs may assert liability against Outagamie County, the complaint fails to state a claim against Outagamie County and therefore should be dismissed.

The complaint purports to state claims under 42. U.S.C. §§ 1983, 1985, and 1986. Docket No. 1, p. 1. However, the complaint is void of any mention of facts that could form the basis for any cause of action under these statutes against Outagamie County or its officials.

Section 1983 provides a civil cause of action for "a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42. U.S.C. § 1983).

The Supreme Court determined in *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978), that a government entity is only liable under § 1983 when execution of a government policy or custom "by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" inflicts the injury of which the plaintiff complains. *Id.* at 694. The complaint lacks any allegations of an unconstitutional policy, custom or

usage by the movants, or any right, claim, or immunity of the plaintiffs that these movants purportedly harmed or violated.

The Plaintiffs have also ostensibly alleged a violation of 42 U.S.C. §§ 1985(3) and 1986. *See* Docket No. 1, p. 1 of the complaint. To state this claim under section 1985 successfully, the Plaintiffs must prove: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Lucero v. Operation Rescue*, 954 F.2d 624, 627 (11th Cir. 1992) *quoting*, *United Bhd. Of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983). To succeed on a claim under section 1986, the Plaintiffs must prove a conspiracy under section 1985 by showing Outagamie County or its officials had "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so." *Park v. City of Atlanta*, 120 F.3d 1157, 1159-1160 (11th Cir. 1997), *quoting*, 42 U.S.C. § 1986. The Plaintiffs have pleaded no facts showing that Outagamie County or its officials conducted any activity that would arguably form a basis for claims under sections 1985 or 1986.

Though a complaint need not include "detailed factual allegations,"

7

plaintiffs still are obligated to provide enough in the way of factual allegations to raise a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."). The Plaintiffs assert no facts whatsoever that support the notion Outagamie County or its officials harmed or infringed upon the Plaintiffs' rights. Dismissal of the complaint against these movants is thus warranted.

III.  Dismissal Of The Complaint Is Warranted Because It Contains No Allegations Specifically Naming Outagamie County Officials.

Similarly, the complaint asserts no specific factual basis for liability against Outagamie County officials or employees. While the complaint does not name specifically any Outagamie County officials or employees, the complaint lists "County Commissioners and Sheriffs of the 3131 Counties of the United States" and makes claims against them "as governing agencies." Docket No. 1, ¶ G. 1. at p. 12 of the complaint. Further, the "Proof of Service" document delivered with the complaint to the County's Clerk of Circuit Court named three county officials as "Defendants": Joseph F. Guidote, Jr., the County's Corporation Counsel; Janice Flenz, the County's Register of Deeds; and Natalie Strohmayer, the County's Deputy Register of Deeds. No allegations in the complaint, however, are specifically asserted against any of

these Outagamie County officials.

Moreover, any Outagamie County official purportedly named by this action is not a proper party since claims against government officials in their official capacity (as "governing agencies," Docket No. 1, ¶ 1, p. 12 of the complaint) are not claims against the officials personally but are rather claims against the county or entity of which the officials are agents. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Accordingly, any Outagamie County official purportedly named in this lawsuit should be dismissed since they are not actual parties to this suit.

To the extent that the plaintiff may have named as defendants Outagamie County officials or departments (though there is no "county commissioner" in Outagamie County that could be named as a defendant in the complaint), none are entities subject to suit. The plaintiff does not provide any grounds and cannot cite any authority that allows it to sue any of the Outagamie County entities or individuals named in the complaint or the "Proof of Service of Process." *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004); *see also Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304 (7th Cir. 1993) (a county department is not suable as a separate entity from the county itself). Accordingly, the Court lacks personal jurisdiction over Outagamie County and its officials and the complaint must therefore be dismissed as to these movants.

Even though the plaintiffs have essentially named Outagamie County

as a party when they sued the County's sheriff in its official capacity, Outagamie County still cannot be directly liable unless, as discussed above in part II., the plaintiff showed that his claimed deprivation was part of an unconstitutional or illegal policy, practice, or custom. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  The plaintiff have made no showing that their constitutional rights were violated by these movants, or that any conduct on the part of Outagamie County or its officials relative to the Plaintiffs was a result of an illegal or unconstitutional County policy or rule, part of a regular and unconstitutional custom or practice by the County, a decision by a County policymaker intended to govern future similar incidents, or caused by a mistaken absence any policy pertaining to the Plaintiffs.  The Plaintiffs' claims, construed against Outagamie County and its officials, should therefore be dismissed.

IV. Dismissal Of All Claims Against These Movants is Warranted Because No Basis Exists For The Exercise Of Personal Jurisdiction Over These Movants.

Outagamie County and its officials lack any minimum contacts with the state of Alabama such that this Court lacks personal jurisdiction over Outagamie County and its officials.

The complaint sets forth no factual basis for the exercise of personal jurisdiction over these movants.  Indeed, not one assertion is made in the complaint that connects any conduct or activity – related to this lawsuit or not – by Outagamie County or its officials to the state of Alabama.  Personal

jurisdiction is thus nonexistent over these movants under a general jurisdictional theory. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S.408, 414-416 (1984) (standard for general jurisdiction as basis for exercise of personal jurisdiction over a defendant requires "substantial, continuous and systematic" contacts of defendant with state); *Morris v. SSE, Inc.*, 843 F.2d 489, 491-492 (11th Cir. 1988) (general personal jurisdiction arises from a defendant's contacts with the forum state that are no related to the litigation). No assertion has been made that Outagamie County or its officials were ever connected in anyway to the state of Alabama.

Similarly, personal jurisdiction does not exist over these movants under specific personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 486 (1985) (specific jurisdiction exists when "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities.") (internal citations omitted); *Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 833 (11th Cir. 1992) ("[T]here must be some act by which the defendant purposefully availed itself of conducting activities within the forum state.") (internal citations omitted). The plaintiff has failed to state how any Outagamie County official has acted and caused harm to the plaintiff in the state of Alabama. Since there exists no personal jurisdiction over these movants, all claims against them should be dismissed.

## CONCLUSION

Dismissal of the complaint against Outagamie County and its officials is warranted because proper service of process was not effected, the complaint fails to state any claims against Outagamie County or its officials, and personal jurisdiction over Outagamie County and its officials is no proper.  Based upon the foregoing arguments and supporting papers, Outagamie County and its officials respectfully request judgment as follows:

a.	for a dismissal of the Plaintiffs' Complaint upon the merits;

b.	for the costs and disbursements of this action;

c.	for reasonable actual attorneys fees pursuant to 42 U.S.C. § 1988;

d.	for such other relief as this court deems just and equitable.


Dated this 19th day of January, 2012.

>	BY:   /s Timothy M. Johnson
>	RAYMOND J. POLLEN
>	State Bar No.:  1000036
>	TIMOTHY M. JOHNSON
>	State Bar No.: 1052888
>	Attorneys for defendants Outagamie
>	County, Wisconsin and its Officials
>	CRIVELLO CARLSON, S.C.
>	710 North Plankinton Avenue
>	Milwaukee, Wisconsin  53203
>	(414) 271-7722 - Phone
>	(414) 271-4438 – Fax
>	E-Mail: rpollen@crivellocarlson.com
>	           tjohnson@crivellocarlson.com