# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JAMES TIMOTHY TURNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.:  2:11-cv-04315-JEO |
| ) | |
| **PRESIDENT OF THE UNITED** ) | |
| **STATES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### REPORT AND RECOMMENDATION

This case is before the court on Plaintiff James Timothy Turner's Complaint and Motion for a Temporary Restraining Order.  (Docs. 1 and 2).  As noted in the Order to Show Cause (doc. 3), this court questions whether plaintiff has filed this action in the appropriate district.  Pursuant to 28 U.S.C. §§ 1404(a) and 1406, a district court may consider venue *sua sponte* and transfer a civil action to another district if it was brought in the wrong district or for the convenience of the parties and witnesses involved in the case.  Before transferring a case *sua sponte*, however, a court should give the parties notice and allow them to present their views on the issue.  *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321 (11th Cir. 2011); *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) (noting a district court's ability to raise the issue of defective venue on its own motion so long as it provides the parties an opportunity to respond prior to dismissal).

On December 29, 2011, the court provided notice to Plaintiff and required him to show cause why this case should not be transferred to the Middle District of Alabama.  (Doc. 3).  On January 17, 2012, the court received Plaintiff's answer to the order to show cause. (Doc. 4).  In

his response, Plaintiff noted that he opposes a transfer to the Middle District of Alabama because of his past experiences in the Middle District. (*Id.*) Plaintiff states that he currently holds a large lien against officers of the Middle District Court "along with a verified affidavit of criminal complaint against certain officers of the same." (*Id.*) In short, Plaintiff argues that the officers of the Middle District of Alabama are prejudiced against him. (*Id.*)

A district court "may transfer any civil action to any other district or division where it might have been brought" if it determines that transfer would be more convenient for the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Determining whether a case should be transferred under § 1404(a) is a two part inquiry: first, the court must determine whether the case could have been brought in the proposed transferee district and second, the court must then determine whether a transfer to that district would be more convenient for the parties and witnesses and in the interest of justice. *Id.*

First, it is clear that this case could have been brought in the Middle District of Alabama. Section 1391(b)[1] provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). As a preliminary matter, it is clear from the face of the Complaint that all Defendants do not reside in the same state. (Doc. 1) (For example, Plaintiff's Complaint has claims against the "Governors of the Fifty States of the United States"). Thus, the first criterion

---

[1] This court has federal question jurisdiction pursuant to § 1331 because plaintiff has raised claims under 42 U.S.C. §§ 1983, 1985, and 1986. (Doc. 1 at 6, 11).

for determining whether venue is proper in the Middle District of Alabama is a nonstarter. However, according to the allegations in the Complaint, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Middle District of Alabama. (*See Id.* at 8-9) (alleging that Defendant Dothan Eagle, located in the Middle District, published stories with knowledge that they were false and that various district attorneys and sheriffs in Houston, Dale, and Geneva counties, all located in the Middle District, were "the principle perpetrators of these outrageous lies aimed at thwarting righteous teachings ... by Plaintiffs who are threatened with promises of mass arrests"). Thus, this action could have been brought in the Middle District of Alabama.

Having established that this case could have been filed in the Middle District of Alabama, the question becomes whether this case should be transferred to the Middle District of Alabama "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Plaintiff has filed lawsuit against numerous Defendants, including, among others, the President of the United States, the Speaker of the House of Representatives, the President of the Senate, the Attorney General of the United States, and the Governors of the Fifty States of the United States. (Doc. 1). In addition to those serving in the positions noted in Plaintiff's Complaint, Plaintiff has also named numerous individuals including, Doug Valeska, Bob Paudert, Andy Hughes, Wally Olson, Greg Ward, Dave Sutton, Tommy Thompson, Will Maddox, and Heath Taylor. (*Id.*) With the exception of Bob Paudert, who is the Chief of Police in West Memphis, Arkansas, all of the individually named Defendants are in the Middle District of Alabama. (*Id.*) Additionally, Plaintiff also sued the Dothan Eagle, which is also based out of the Middle District of Alabama. (*Id.*) Finally, Plaintiff resides in Ozark, Alabama, which is also

located in the Middle District of Alabama.  (*Id.*)  The fact that many of the named parties, including Plaintiff, reside in the Middle District of Alabama, indicates that the Middle District would be a more convenient district for the parties and witnesses.  The sole question that remains is whether a transfer to the Middle District of Alabama is in the interest of justice.  Plaintiff's only argument for why this case should remain in the Northern District of Alabama is that officers in the Middle District of Alabama are prejudiced against him.  However, this allegation is not enough to outweigh those facts that favor a transfer to the Middle District of Alabama (i.e. the location of the parties and the fact that a substantial number of events giving rise to the action occurred in the Middle District of Alabama).

Accordingly, it is hereby **RECOMMENDED** that this action be transferred to the Middle District of Alabama.

Either party may file specific written objections to this report and recommendation within fourteen (14) days. Failure to file written objections to the proposed findings and recommendation contained in this report and recommendation shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon opposing counsel.

**DONE** this 20th day of January, 2012.

_____
**JOHN E. OTT**
United States Magistrate Judge